IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-96 |
| MARC HUBBARD | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Marc Hubbard ("Hubbard") perpetrated a significant fraud of more than $2,000,000 at the expense of his victims. To perpetuate this Ponzi scheme, Hubbard not only lied to his victims about their investments but also created fraudulent documents to support those lies. He employed his co-defendant Herbert Franklin Green ("Green"), a corporate lawyer, to "legitimize" his criminal conduct and lull his victims into a false sense of security. Hubbard was an extremely good salesman and opportunist who was willing say anything to convince his victims that their investments were secured in a successful and sound business, Sports Dimensions, Inc. ("SDI"). He deliberately lied over and over again to the victims about investing their money in concerts that never occurred and lined his own pockets instead. Hubbard's fraudulent conduct was also wide-spread and not limited to the Eastern District of Pennsylvania. Multiple jurisdictions issued cease and desist orders against SDI, and Hubbard is currently facing similar charges in the District of Hawaii that have been pending since 2012. Notably, the defendant continues to display elusive and signal potentially dishonest behavior by failing to disclose his financial information as requested and required by U.S. Probation. The United States advocates that a sentence within the guidelines range calculated by U.S. Probation in the Presentence Investigation Report ("PSR") of 78-97 months is appropriate in this case1.

---

1 The United States agrees with U.S. Probation that if Hubbard provides the requested financial information prior to sentencing that he may qualify for the two-level reduction for acceptance of responsibility pursuant to U.S.S.G. §

**I.     BACKGROUND**

On or about March 12, 2015, a federal grand jury returned an indictment charging defendant with conspiracy to commit wire fraud, in violation of 8 U.S.C. § 1349 (Count One), and wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two through Eight). The defendant entered an open plea to the indictment on June 30, 2016.

**II.    SENTENCING CALCULATION.**

   A.   <u>Statutory Maximum Sentence</u>.

The maximum sentence that may be imposed on defendant Hubbard is as follows:

• Violation for 18 U.S.C. § 1349 (Count One): 20 years' imprisonment, a three-year period of supervised release, a $250,000 fine or twice the loss/gain, and a $100 special assessment.

• Violation for 18 U.S.C. § 1343 (for each Counts Two through Eight): 20 years' imprisonment, a three-year period of supervised release, a $250,000 fine or twice the loss/gain, and a $100 special assessment.

• <u>Total Statutory Maximum Penalty</u>: 160 years' imprisonment, a three-year period of supervised release, a $2,000,000 fine or twice the gain/loss, and an $800 special assessment.

   B.   <u>Sentencing Guidelines Calculation</u>.

The government agrees with the guidelines calculation prepared by U.S. Probation in the PSR. Defendant's base offense level is 7 pursuant to U.S.S.G. § 2B1.1(a)(1). There is a 16-level upward adjustment because the loss was more than $1,500,000 but less than $3,500,000. U.S.S.G. § 2B1.1(b)(1)(I). There is a two-level upward adjustment for sophisticated means

---

3E1.1(a), and the United States may consider moving for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b). With that three-level reduction, Hubbard's guidelines range would be 57-71 months.

2

pursuant to U.S.S.G. § 2B1.1(b)(10)(C)2, and another two-level enhancement for being a leader/manager in criminal activity that was otherwise extensive pursuant to U.S.S.G.§ 3B1.1(c)3. Defendant's total offense level is 27. He is a criminal history category II. Defendant's sentencing guidelines range is 78-97 months.

### III. ANALYSIS OF § 3553(a) FACTORS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is calculated by the guidelines of 78-97 months.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a). Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

---

2 As part of the scheme, Hubbard created SDI, a company that purportedly invested in concerts. SDI issued securities, described as promissory notes, to promote the concerts. SDI was essentially a sham. In addition to creating the fake securities SDI issued, the defendant's scheme involved an elaborate array of fraudulent financial, music industry, and bank.documents. In order to avoid detection and perpetuate the scheme, Hubbard created several other fake companies, like International Underwriters and MJ Financial. *See United States v. Fountain*, 792 F.3d 310, 319 (3d Cir. 2015).

3 Hubbard directed co-defendant Green to prepare the fraudulent promissory notes and disburse the proceeds from the scheme. He directed C.G. to prepare fraudulent personal financial statements that were used to convince the victims to invest with Hubbard. He also directed J.K. and A.G. to promote SDI to potential investors. They introduced the victims to SDI. *See United States v. King*, 21 F.3d 1302, 1304-05 (3d. Cir. 1994).

>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for–
>
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced; . . .
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).[4]

In a standard analysis, no unusual circumstances exist which warrant an exception to the preference for guideline sentencing. Section 3553(a)(4) and (5) specifically direct the Court to consider the applicable guidelines, and Section 3553(a)(6) commands that the Court strive to avoid disparity in sentencing, which, as explained above, is best accomplished through faithful

---

[4] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

application of the guidelines. The other 3553(a) factors also point to this conclusion.

The crimes with which Hubbard has been convicted are serious in nature as he has stolen millions of dollars from innocent victims. While the instant fraud is limited to 2008-2010 in the Eastern District of Pennsylvania, it is clear that he has been carrying out this similar scheme in other districts since at least 2006 and until 2012. Part of the scheme was for Hubbard to befriend his victims and win their trust which was almost as troubling to the victims as being swindled. Hubbard is a pathological liar. Every lie he told the victims about the business and their investments was followed up by an even bigger lie which was usually a fraudulent document to confirm the false statements he has previously made. He made up false companies, false securities, false financial documents, false bank records, false checks, false concerts, false contracts for the concerts, false letters, false emails, false tax returns, and other false documents as part of his scheme to defraud.

Any sentence imposed must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). The sentence must promote respect for the law and serve to deter others from following the defendant's example.

A sentence within the guidelines range in this case satisfies all the factors set forth in 18 U.S.C. § 3553(a).

## IV.   CONCLUSION

For all of these reasons, the government respectfully recommends that the Court sentence defendant March Hubbard within the guidelines range of 78-97 months' imprisonment.

>       Respectfully submitted,
>
>       ZANE DAVID MEMEGER
>       Acting United States Attorney
>
>
>       s/Jennifer Chun Barry
>       JENNIFER CHUN BARRY

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Government's Sentencing Memorandum by electronic filing on defense counsel of record.

/s/ Jennifer Chun Barry
JENNIFER CHUN BARRY
Assistant United States Attorney

DATED: 9/23/16