IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | No. 15-96-1 |
| MARC HUBBARD | : | |

**<u>MEMORANDUM</u>**

**Juan R. Sánchez, C.J.**                                                                                                **November 20, 2020**

Pro se Defendant Marc Hubbard, who is currently serving a 78-month term of incarceration, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Hubbard asserts the coronavirus disease 2019 (COVID-19) pandemic and his medical condition placing him at an increased risk of severe illness from the virus, are extraordinary and compelling circumstances justifying his release. The Government opposes Hubbard's motion, citing his failure to satisfy the exhaustion requirement in § 3582(c)(1)(A). Because Hubbard has not exhausted his administrative remedies, the Court will deny his motion for compassionate release without prejudice.

**BACKGROUND**

In 2015, Hubbard was charged with one count of conspiracy, in violation of 18 U.S.C. § 1349, and seven counts of wire fraud and aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 for his conspiracy to defraud investors in his corporation. Hubbard pleaded guilty to all counts in the Indictment on June 30, 2016, without a plea agreement. On October 11, 2016, Hubbard was sentenced to 78 months' imprisonment, three years of supervised release, and was ordered to pay restitution in the amount of $1.7 million. Hubbard appealed. On January 29, 2018, the Third Circuit affirmed the conviction and sentence.

Hubbard is serving his sentence at Canaan United States Penitentiary (USP). His anticipated release date is June 1, 2026.

Since Hubbard's sentencing, much has changed. Due to COVID-19, a novel and highly contagious respiratory virus, the United States (and the world) has confronted a rapidly changing public health crisis that has reached the scale of a global pandemic. At some point in May 2020, and again on June 12, 2020, Hubbard made a request for home confinement. *See* Ex. A, ECF No. 130-1. In that request, Hubbard did not make a request for a reduction of his sentence or compassionate release. Nevertheless, the request for home confinement was denied. *See id.*

On June 1, 2020, Hubbard filed the instant motion for release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues he presents an extraordinary and compelling reason for this relief because his medical conditions make him vulnerable to COVID-19 while he is incarcerated at USP Canaan.

Hubbard is 52 years old and suffers from anxiety, sleep disorders, high blood pressure, diabetes, high cholesterol, and obesity. The Government, however, does not address the merits of Hubbard's motion including whether his medical conditions present extraordinary and compelling reasons for his release. Instead, the Government argues Hubbard has not exhausted his administrative remedies by requesting compassionate release from the warden at Canaan USP or the Bureau of Prisons (BOP).

**DISCUSSION**

Because Hubbard has not exhausted his administrative remedies, the Court will deny his motion without prejudice. Hubbard may refile his motion after he satisfies the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A).

The Court may grant a sentence reduction if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(A). Before consideration of such a request, however, the defendant must exhaust the administrative remedies available to him. Specifically, 18 U.S.C. § 3582(c)(i)(A) states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Therefore, the Court may only modify a term of imprisonment upon motion of the defendant after the defendant exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or requested compassionate release from the warden and waited 30 days for a response.

Section 3582(c)(1)(A)'s exhaustion requirement is not waivable. *See United States v. Raia*, 954 F.3d 594 (3d Cir. 2020). The Third Circuit has stated that failure to wait 30 days to allow the BOP to consider the defendant's request "presents a glaring roadblock foreclosing compassionate release." *Id*. at 597. The Third Circuit has also instructed that the strict compliance to the exhaustion requirement should not be relaxed in light of the COVID-19 pandemic. *See id*.

Hubbard has made no showing that he requested compassionate release from the warden or appealed the BOP's failure to bring a motion for compassionate release on his behalf. The Court does not treat lightly the risks COVID-19 poses to the health of prison inmates; however, Hubbard has failed to make the threshold step of requesting compassionate release from the warden of USP Canaan or exhausting the administrative appeals of the BOP's failure to bring a motion on his

behalf.[1] Because the Court must strictly comply with the exhaustion requirement, Hubbard's motion will be denied. *See United States v. Wilson*, No. 14-209-1, 2020 WL 1975082, at *4 (E.D. Pa. Apr. 24, 2020) (denying compassionate release motion for failure to exhaust administrative remedies by requesting compassionate release from warden or BOP).

**CONCLUSION**

In sum, in the absence of a request to the BOP or the warden of Canaan USP for compassionate release, Hubbard has not exhausted administrative remedies as statutorily required before seeking compassionate release by the Court. Until he directs his request to the BOP or warden at Canaan USP and waits 30 days, the Court must deny the motion without prejudice. Hubbard may renew his motion after satisfying the exhaustion requirement in § 3582(c)(1)(A).

An appropriate order follows.

BY THE COURT:

 /s/  Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[1] Although Hubbard requested home confinement, he made no mention of compassionate release. *See* Gov't's Ex. A. Insofar as Hubbard seeks release to home confinement, the Court also notes it is without authority to address Hubbard's request for a transfer to home confinement. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."); *see also United States v. Powell*, No. 15-496-4, 2020 WL 2848190, at *2 n.5 (E.D. Pa. June 2, 2020) ("[T]o the extent that [the defendant] seeks to appeal the prison's denial of home confinement, such decision is not reviewable by this Court." (internal citation omitted)).